ALBANY,
August, 1817.

JACKSON
v.
CORLEY.

JACKSON, *ex dem.* KIP, *against* CORLEY.

THIS was an action of ejectment, commenced in the court of common pleas, or mayor's court, of the city of *New-York*, in which common bail was filed, and issue joined; but before any trial or judgment in that court, a writ of *certiorari* was sued out of this court, directed to the court below, allowed, filed, and returned in due form.

The only question submitted to the court was, whether the action could be removed from the court of common pleas to this court by *certiorari*.

*A cause may be removed from a court of common pleas to this court by writ of certiorari, as well as by a habeas corpus cum causa, &c.; and the proper writ, for that purpose, in actions of ejectment, and where the defendant is not in custody, or has not filed bail, or endorsed his appearance.*

*Per Curiam.* There can be no doubt that a writ of *certiorari* may issue, and perform the same office, in every case, as a writ of *habeas corpus*. The statute (1 *R. L.* 140.,) puts them on the same footing, and considers them as equally efficacious in the removal of a cause from the courts of common pleas and mayor's courts, into this court. Indeed, a *certiorari* is of more extensive use; for a *habeas corpus* lies only where the defendant has been arrested, and is in prison, or has been let to bail; or where he has been arrested on process, and endorsed his appearance on the writ, and where, as in the action of ejectment, common bail has been filed. In all these cases, the *certiorari* is equally applicable; and it is exclusively proper, when the defendant is not in custody, or has not filed common or special bail, or has not endorsed his appearance.

It is true, that in practice, the writ of *certiorari* has seldom been used. This, however, cannot take away the writ, or abridge its effect.

This cause is, therefore, well removed by the *certiorari* which has been issued.